IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>Michael Louis Thomas<br><br>Debtor(s).<br><br>RUSSELL C. SIMON, Chapter 13 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN CREDIT ACCEPTANCE d/b/a AUTO FINANCE<br>Defendant. | In Proceedings<br>Under Chapter 13<br><br><br><br>Bk. No.: 14-30573<br><br><br><br>Adv. No.: |

TRUSTEE'S COMPLAINT TO RECOVER PREFERENTIAL TRANSFER

COMES NOW, RUSSELL C. SIMON, Chapter 13 Trustee, by and through his Staff Attorney, Tiffany M. Cornejo, and in support of his Complaint to Recover Preferential Transfer, states as follows:

**JURISDICTION**:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. Venue is properly in this Court pursuant to 28 U.S.C. § 1409.

3. This Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**PARTIES**:

4. The Debtor sought relief under Title 11 of the United States Code, Chapter 13 on April 9, 2014.

5. The Defendant, American Credit Acceptance, is a creditor, a party in interest, and the recipient of the preferential transfer, and is named in this capacity, and may be served Summons and Complaint to **DAN C. BREEDEN, JR., MANAGER**, at 340 East Main Street, Suite 500, Spartanburg, South Carolina 29302 and/or **CT CORPORATION SYSTEM, REGISTERED AGENT,** at 208 SO Lasalle Street, Suite 814, Chicago, Illinois 60604.

6. Russell C. Simon is the Chapter 13 Trustee of the above-captioned bankruptcy proceeding, and commences this proceeding in this capacity.

**PLAINTIFF'S CLAIM(S):**

7. On Amended Schedule B (doc. no. 23), Debtor listed his ownership interest in a 2003 Ford Expedition, VIN 1FMPU16W13LB72475.

8. On Amended Schedule D, Debtor listed Defendant as holder of a purchase money security interest in the 2003 Ford Expedition, VIN 1FMPU16W13LB72475.

9. On August 8, 2014 Defendant filed a proof of claim (claim 17) asserting a security interest in the 2003 Ford Expedition, VIN 1FMPU16W13LB72475. In support of that assertion, Defendant attached a copy of the Security Agreement and Title.

10. The Debtor's signature on the Security Agreement was April 8, 2014.

11. The issue date on the Title June 4, 2014.

12. On August 20, 2014, the undersigned contacted the Defendant to determine if the "issue" date of June 4, 2014 was the actual date the Request/Authorization for Title Lien was sent to the Illinois Secretary of State; Defendant could not provide documentation supporting a different date.

13. On August 20, 2014 the undersigned contacted Illinois Secretary of State inquiring as to the date the Request/Authorization for Title Lien; the verbal answer was June 4, 2014.

14. On September 22, 2014 the Trustee objected to Defendant's claim on this same basis; no response was filed and the claim was disallowed by virtue of this Court's Order entered October 24, 2014 (doc. no. 63).

15. Pursuant to 11 U.S.C. § 547(b), the Trustee may avoid any transfer of an interest of the debtor in property –

    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made –
        (A) on or within 90 days before the date of filing the petition; or
        (B) . . .
    (5) that enables such creditor to receive more than such creditor would receive if—
        (A) the case were a case under a Chapter 7 of this Title;
        (B) the transfer had not been made; and

      (C) such creditor received payment of such debt to the extent provided by the provisions of this Title.

16. The Trustee is informed and asserts that:

 a. American Credit Acceptance is a creditor that was transferred interest in property of the Debtor;

 b. the transfer was made on account of an antecedent debt;

 c. the transfer was made while the debtor was insolvent;

 d. the transfer was made within 90 days before the date of filing the petition; and

 e. the transfer enabled American Credit Acceptance to receive more than it would have if:
  (a) the case were a case under a Chapter 7 of this Title;
  (b) the transfer had not been made; and
  (c) such creditor received payment of such debt to the extent provided by the provisions of this Title.

17. The Trustee is further informed and asserts that transfers of this kind usually are not avoidable pursuant to 11 U.S.C. § 547(b). However, as the transfer occurred on April 8, 2014 and the title was not perfected within 30 days of the Debtor receiving perfection, the transfer is an avoidable transfer pursuant to 11 U.S.C. § 547(b).

18. The Trustee seeks to avoid the transfer of the above-described interest in property and further to recover the costs associated with filing the instant Complaint.

Wherefore, the Trustee prays this Court for Judgment avoiding the preferential transfer from Debtor's to American Credit Acceptance, to recover the costs associated with filing this Complaint and for all other relief this Court deems just and equitable.

DATED: November 19, 2014

          /s/Tiffany M. Cornejo
          TIFFANY M. CORNEJO, ARDC #6296136
          RUSSELL C. SIMON, Trustee
          Chapter 13 Trustee
          24 Bronze Pointe
          Swansea, IL 62226
          Telephone: (618) 277-0086
          Telecopier: (618) 234-0124
          tiffanyc@simonch13trustee.com